OPINION
PER CURIAM.
In February 2009, Reynaldo Rosario filed this pro se mandamus petition seeking an order directing the District Court to rule on a civil rights complaint he filed on or about August 22, 2000 in the United States District Court for the District of New Jersey. For the reasons that follow, we will deny the petition.
I.
In his mandamus petition, Rosario alleges that when he first filed his civil rights complaint, he received a Notice of Allocation and Assignment from Magistrate *805 Judge Susan Davis Wigenton advising him that the case was assigned to District Judge Alfred M. Wolin. Rosario alleges that Judge Wolin erroneously consolidated his civil rights complaint with a § 2255 motion that he separately filed on August 30, 2000 and gave both matters the same docket number (2:00-cv-04239). Rosario states that, as a result, no action has been taken on his civil rights complaint in nine years, despite his attempts through “due diligence” to notify the court of this docketing error so that his matter could proceed. As proof, Rosario attaches to his petition for writ of mandamus various exhibits, including a copy of the allegedly filed civil rights complaint, which shows a date stamp of August 22, 2000 and docketing number of “00-cv-04289” typed into the caption line.
This Court requested the Clerk of the Court for the District of New Jersey to respond to Rosario’s allegations and attached documentation. After a careful review of the docket, the Clerk’s Office asserted that this document was never submitted for filing in case 00-cv-04239. This conclusion was based on the following: (1) there is no evidence of the civil rights complaint in the docket for case number OO-cv-04239, and no mention of the complaint until 2003, which was after Rosario’s § 2255 motion was denied by the District Court, the denial was affirmed by the Court of Appeals, and cer-tiorari was denied by the Supreme Court; (2) there is no order of consolidation and no notation on the docket of 00-cv-04239 that there is a related case; (3) the Clerk’s Office does not, and never did, type docket numbers onto complaints; and (4) the “00AUG 22, MAIL ROOM, NEWARK, NJ 07102” date stamp that appears on Rosario’s civil complaint is different from the date stamp used by the Newark vicinage Clerk’s Office. The Clerk’s Office also noted that in an Order dated June 5, 2009, the District Court granted Rosario leave to file a civil complaint based on the allegations he describes in his mandamus petition.
II.
Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has “no other adequate means” to obtain the relief and that he has a “clear and indisputable” right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996). Based on the response by the Clerk’s Office, it is not “clear and indisputable” that Rosario properly filed his civil rights complaint in the District Court in August 2000, let alone that he has a right to the relief he seeks.
Accordingly, we will deny the petition for writ of mandamus.